UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY ZABALA GARCIA,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06328-DJC-CSK (HC)

RELEASE ORDER

A# 089-092-319

Petitioner Henry Zabala Garcia is a noncitizen detainee proceeding under a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Petitioner is a native and citizen of Cuba currently detained by Immigration and Customs Enforcement ("ICE"). (Pet. at 1.) Petitioner was previously detained while subject to a final removal order and released under an Order of Supervision. (*Id.* at 3.) On May 17, 2026, his release was revoked, and he was re-detained. (*Id.*)

On August 12, 2026, the Court issued a minute order noting that on review the issues raised in the Petition appear similar to those addressed in this Court's prior orders concerning Respondents' compliance with 8 C.F.R. § 241.13(i)(2) in re-detaining individuals subject to a final order of removal who were previously released from custody. (ECF No. 6). Respondent answered that they are "unable to distinguish

this case from the Court's orders regarding violations of 8 C.F.R. § 241.13." (Opp'n at 1.)

The Court resolves the case on the same basis as its past orders. *See, e.g.*, *Ciuciu v. Warden*, No. 1:26-cv-03274-DJC-JDP (E.D. Cal. May 5, 2026); *Moua v. Warden*, No. 1:26-cv-02238-DJC-JDP, 2026 WL 905106 (E.D. Cal. Apr. 2, 2026); *Garcia Lopez v. Warden, California City*, No. 1:26-cv-05318-DJC-AC, 2026 WL 2323196, at *1 (E.D. Cal. Aug. 11, 2026). For the reasons laid out in those orders, it concludes that the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, and that consequently, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2).[1]

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Ground Four of the Petition.[2]
2. Respondents are ordered to immediately release Henry Zabala Garcia from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve Central Valley Annex Detention Facility with a copy of this Order.

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 7, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-ZabalaGarcia-1. 26-cv-06328.merits